CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 MAY 12  PM 3: 54

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| NEW LIFE ASSEMBLY OF GOD OF THE CITY OF PAMPA, STATE OF TEXAS, | § § § | |
| | § | |
| Plaintiff, | § § | NO. 2:15-CV-00051-J |
| v. | § § | |
| CHURCH MUTUAL INSURANCE COMPANY and STEVEN BUETTNER, | § § § | |
| | § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Motion to Remand.* In that Motion, Plaintiff seeks to

remand the above-captioned case to state court on the grounds that this Court lacks subject

matter jurisdiction. Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff New Life Assembly of God of the City of Pampa ("New Life") filed its Original

Petition in the 223rd Judicial District Court of Gray County, Texas on January 12, 2015, seeking

damages for the alleged denial or under-payment of a valid insurance claim for storm damage to

its property. Specifically, Plaintiff asserts causes of action for breach of contract, Texas

Insurance Code violations, and Texas Deceptive Trade Practices Act ("DTPA") violations

against Church Mutual Insurance Company ("Church Mutual") and Steven Buettner

("Buettner")—an adjuster hired by Church Mutual. Plaintiff further asserts that "[n]o diversity

of citizenship exists in this matter."

In its petition, Plaintiff alleges that a storm hit Pampa, Texas on June 10, 2014 and

damaged Plaintiff's church and other property. At the time of the storm, Plaintiff's property was

1

insured by Church Mutual. Plaintiff alleges that it filed a claim on its insurance policy and that Church Mutual underpaid that claim. Plaintiff alleges that Church Mutual assigned Buettner as an individual adjuster on the claim and that Buettner "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." Plaintiff further alleges that "Church Mutual and Buettner performed an outcome-oriented investigation of Plaintiff's claim," and that the actions of Church Mutual and Buettner resulted in a biased, unfair, and inequitable evaluation of the property damage. This ultimately led to the underpayment of Plaintiff's claim.

Defendants removed the case to this Court on February 4, 2015. In their *Notice of Removal*, Defendants argued that removal was proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction over the case—Plaintiff is a citizen of Texas, Defendant Church Mutual is a citizen of Wisconsin, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Although Defendant Buettner is also a citizen of Texas—which would normally preclude a finding of complete diversity—Defendants argued that Buettner's Texas citizenship was irrelevant and should be disregarded for the purposes of removal because he was improperly joined by Plaintiff for the sole purpose of defeating diversity jurisdiction.

Plaintiff filed a *Motion to Remand* on April 13, 2015, sixty-eight days after the case was removed to federal court. In its Motion, Plaintiff argues that Buettner was not improperly joined because, under the Texas "fair notice" pleading standards, there is a reasonable possibility that Plaintiff will be able to establish a cause of action against Buettner in state court. And because Buettner is properly joined as a Defendant, this Court lacks subject matter jurisdiction and must remand the case to state court. Defendants filed a response on April 29, 2015, arguing (A) that Plaintiff had waived its right to seek remand and, in the alternative, (B) that Buettner was

2

improperly joined for the sole purpose of defeating diversity jurisdiction. Plaintiff filed a reply on May 11, 2015.

## DISCUSSION

A defendant may remove a case from state to federal court where there is federal subject matter jurisdiction and the removal procedure is properly followed. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Conversely, remand of a case from federal to state court is proper where the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A federal district court has subject matter jurisdiction over a case involving only state law claims—such as this case—where there is complete diversity of citizenship among the parties and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity exists where "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). If a plaintiff shares the same state citizenship as any one of the defendants, there is no complete diversity and the case is not removable to federal court. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). However, even if the parties to the action are completely diverse, a case cannot be removed to federal court if any defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2); *Moore v. Travelers Indem. Co.*, No. 3:10-CV-1695-D, 2010 WL 5071036, at *3 (N.D. Tex. Dec. 7, 2010). This is often referred to as the "forum-defendant rule." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

### A.   TIMELINESS OF PLAINTIFF'S MOTION TO REMAND

Before this Court reaches the merits of Defendants' improper joinder arguments, it must first address the preliminary question of whether Plaintiff's *Motion to Remand* is timely filed.

The Federal Rules of Civil Procedure require that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added); *Price v. Johnson*, 600 F.3d 460, 462 n.6 (5th Cir. 2010).  Here, Plaintiff argues, in part, that its *Motion to Remand* should be granted because Defendant Buettner is a properly joined defendant who is a citizen of the state where the suit was filed—thus precluding removal of this case to federal court under the forum-defendant rule.  *See* 28 U.S.C. § 1441(b)(2); *Bank of N.Y. Mellon Trust Co., N.A. v. De La Fuente*, No. 3:14-cv-3627-G-BN, 2014 U.S. Dist. LEXIS 170209, at *11 (N.D. Tex. Nov. 7, 2014).  The Fifth Circuit has recognized that the presence of an in-state forum defendant under 28 U.S.C. § 1441(b)(2) is a procedural defect—not a subject matter jurisdiction defect—and is waived if a plaintiff first raises the defect more than thirty days after removal.  *See Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998).  Because Plaintiff's *Motion to Remand* was filed sixty-eight days after Defendants' *Notice of Removal*, Defendants argue that the Court should waive this procedural defect and deny Plaintiff's *Motion to Remand* as untimely filed.

However, Defendants' response ignores the fact that the joinder of Defendant Buettner raises not only a waivable procedural defect under 28 U.S.C. § 1441(b)(2)'s forum-defendant rule, but also an independent subject matter jurisdiction defect under 28 U.S.C. § 1332(a) that is *not* waivable.  A federal district court has an ongoing responsibility to ensure that it has subject matter jurisdiction over its cases and must remand a case to state court if it concludes that it lacks subject matter jurisdiction—even if the issue has never been raised by the parties.  *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Gasch v. Hartford Accident & Indem. Co.*, 491

F.3d 278, 281 (5th Cir. 2007) (noting that "subject-matter delineations must be policed by the courts on their own initiative").

Here, Plaintiff seeks remand because, if Buettner is properly joined, this Court lacks subject matter jurisdiction. Plaintiff, a Texas citizen, shares the citizenship of Defendant Buettner—also a Texas citizen. Because Plaintiff and one of the Defendants have the same state citizenship, there is no complete diversity of parties. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). This lack of complete party diversity is a subject matter jurisdiction defect that is distinct from the forum-defendant procedural defect found in 28 U.S.C. § 1441(b)(2). Plaintiff's right to raise a subject matter jurisdiction defect is not constrained by 28 U.S.C. § 1447(c)'s thirty-day time limit. *See Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 727-28 (N.D. Tex. 2014) ("[plaintiff]'s . . . motion seeks remand based on a lack of complete diversity, which is a matter of subject matter jurisdiction, and therefore her motion to remand is proper even if it was filed outside the thirty-day time limit"). Contrary to Defendants' arguments, Plaintiff has not waived—and, indeed, can never waive—its right to complain that this Court lacks subject matter jurisdiction. Plaintiff's *Motion to Remand* is timely because it seeks remand, at least in part, on the basis of a non-waivable defect—this Court's alleged lack of subject matter jurisdiction.

### B.  IMPROPER JOINDER

Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It allows a court to disregard an in-state defendant's citizenship when determining whether there is diversity jurisdiction, and permits removal of a case from state to federal court where the removing defendant can show that an in-state defendant was improperly or fraudulently joined by the plaintiff for the purpose of defeating diversity jurisdiction. *See*

*Salazar v. Allstate Tex. Lloyds's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

Here, Defendants argue that Steven Buettner—a defendant whose Texas citizenship would ordinarily defeat federal diversity jurisdiction—was improperly joined. Thus, Defendants argue that this Court can disregard Buettner's Texas citizenship for the purpose of determining whether removal is proper under 28 U.S.C. § 1441. If Buettner's citizenship is disregarded, there is complete diversity of citizenship under 28 U.S.C. § 1332(a) because New Life is a citizen of Texas and Church Mutual is a citizen of Wisconsin. Furthermore, there is no in-state defendant whose presence would prohibit removal under 28 U.S.C. § 1441(b)(2)'s forum-defendant rule. Thus, if Buettner has been improperly joined, this Court has federal diversity jurisdiction, removal of this case to federal court was proper, and Plaintiff's *Motion to Remand* must be denied. *See Presley v. Am. First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *3-4 (S.D. Tex. Feb. 7, 2011).

Defendants bear the heavy burden of proving that joinder of Defendant Buettner was improper. *See Smallwood*, 385 F.3d at 576. The Fifth Circuit has identified two methods by which a removing defendant can establish that an in-state defendant has been improperly joined to defeat diversity jurisdiction: (1) by showing actual fraud in the pleading of jurisdictional facts; or (2) by showing that the plaintiff is unable to establish a cause of action against the in-state defendant in state court. *See id.* at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Here, Defendants do not argue that Plaintiff has fraudulently pled jurisdictional facts in its Original Petition. Instead, Defendants argue that Plaintiff cannot establish a cause of action against Buettner in Texas state court and that Plaintiff's complaint contains numerous "badges of improper joinder" that strongly suggest Buettner was joined in this action for the sole purpose of defeating diversity jurisdiction.

6

To establish improper joinder under this second method, the Defendants must demonstrate that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against Buettner. *See Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 647-48. This requires the district court to conduct a Rule 12(b)(6)-type analysis of the Plaintiff's Original Petition to determine if it states a valid cause of action against Buettner. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Johnson v. Zurich Am. Ins. Co.*, 3:11-CV-0344-P, 2011 WL 3111919, at *2 (N.D. Tex. June 29, 2011). "If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court." *Edwea, Inc. v. Allstate Ins. Co.*, Civ. A. No. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010).

There has been significant disagreement within the Fifth Circuit as to which procedural standard a court should apply when conducting the Rule 12(b)(6)-type analysis: the federal pleading standard from Fed. R. Civ. P. 8(a) and 12(b)(6), or the Texas fair notice pleading standard from Tex. R. Civ. P. 45(b). *See Plascencia v. State Farm Lloyds*, NO. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *8 (N.D. Tex. Sept. 25, 2014) (collecting cases). This issue seemed to have been resolved by the Fifth Circuit in 2005, when it held that the proper pleading standard to apply when evaluating the sufficiency of the factual allegations as part of an improper joinder analysis was the Texas "fair notice" standard from Tex. R. Civ. P. 45(b). *See De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005); *see also Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344-45 (5th Cir. 2013). However, a recently enacted revision to the Texas Rules of Civil Procedure may necessitate a slight modification of that holding. Rule 91a.1 of the Texas Rules of Civil Procedure became effective on March 1, 2013, less than three months after the Fifth Circuit's ruling in *Akerblom* reaffirming the

application of the Texas "fair notice" standard.  The new rule, titled "Dismissal of Baseless

Causes of Action," states that

> a party may move to dismiss a cause of action on the grounds that it has no basis in law
> or fact. A cause of action has no basis in law if the allegations, taken as true, together
> with inferences reasonably drawn from them, do not entitle the claimant to the relief
> sought. A cause of action has no basis in fact if no reasonable person could believe the
> facts pleaded.

Tex. R. Civ. P. 91a.1.  Several federal courts in the Northern District of Texas have

interpreted this new rule as creating a failure-to-state-a-claim analysis under Texas law that is

similar to the Rule 12(b)(6) analysis under federal law.  *See Craig Penfold Props., Inc. v. The*

*Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2015 WL 356885, at *3 (N.D. Tex. Jan. 28, 2015)

("[t]his new rule now allows a state court to do what a federal court is allowed to do under

Federal Rule of Civil Procedure 12(b)(6)"); *Bart Turner & Assocs. v. Krenke*, No. 3:13-CV-

2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014) (same); *Morris v. JPMorgan Chase*

*& Co.*, No. 3:14-CV-2932-L, 2014 WL 7404121, at *7 (N.D. Tex. Dec. 30, 2014) (same);

*Plascencia v. State Farm Lloyds*, NO. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *10

(N.D. Tex. Sept. 25, 2014) ("Texas now has a failure-to-state-a-claim rule that is substantially

the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal

Rules of Civil Procedure").

     While the enactment of Tex. R. Civ. P. 91a.1 brings the Texas pleading standard closer in

line with the federal pleading standard, "[t]he standard for pleading in Texas is still fair notice."

*Krenke*, 2014 WL 1315896, at *3.  Rule 91a.1 has simply modified the existing Tex. R. Civ. P.

45(b) "fair notice" pleading standard such that "fair notice must now be judged in the context of

Rule 91a." *Id.*; *see also Morris*, 2014 WL 7404121, at *6-7.  Thus, when evaluating whether

Plaintiff's Original Petition states a cause of action against Buettner, the Court will apply the

Texas "fair notice" standard in light of Rule 91a.1.  To satisfy this standard, the petition must

8

"consist of a statement in plain and concise language of the plaintiff's cause of action." Tex. R. Civ. P. 45(b). The fact that "an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." *Id.* However, if the cause of action has no basis in law or fact, because either the allegations do not entitle the claimant to the relief sought, or because "no reasonable person could believe the facts pleaded," then the plaintiff has failed to state a claim. Tex. R. Civ. P. 91a.1.

Under Texas law, insurance adjusters can be sued in their individual capacity for violations of Chapter 541 of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007). To recover against an adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). Here, Plaintiff's Original petition contains the following allegations directed specifically at Steven Buettner, the adjuster hired by Church Mutual to inspect Plaintiff's property:

- "Steven Buettner is a Texas resident who participated in adjusting New Life Assembly of God's insurance claim."

- "Buettner was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection."

- "Buettner's unreasonable investigation led to the underpayment of Plaintiff's claim."

- "Church Mutual and Buettner performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property."

Plaintiff's remaining allegations do not differentiate between Church Mutual and Buettner, but instead simply lump both parties together as "Defendants." These allegations largely parrot the statutory language of the Texas Insurance Code and the DTPA by, for

9

example, alleging that "Defendants violated § 541.060 by . . . misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue."

Federal district courts in the Fifth Circuit have reached diametrically opposing conclusions about improper joinder when analyzing state court petitions containing a similar mixture of specific allegations against the insurance adjuster and boilerplate allegations against undifferentiated "Defendants." For example, in *Plascencia v. State Farm Lloyds*, the plaintiff made the following allegations specific to the insurance adjuster: the adjuster improperly adjusted the plaintiff's claim, conducted a substandard investigation, drafted a report which failed to include much of the damage incurred by the plaintiff, misrepresented the cause of, scope of, and cost to repair the damage, misrepresented the insurance coverage for plaintiff's claim, and gave negligent advice about how plaintiff could repair his property. NO. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *4-6 (N.D. Tex. Sept. 25, 2014). Plaintiff also made more general allegations against undifferentiated "Defendants." *Id.* at *6. The court found that the insurance adjuster defendant had been improperly joined because plaintiff's petition was limited to conclusory allegations and failed to allege facts "that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster]'s conduct." *Id.* at *15.

On the other hand, the court in *Newton v. State Farm Lloyds*, found that an insurance adjuster was properly joined based on allegations virtually identical to those made by New Life in this case. No. 4:13-CV-00074, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013). The plaintiff's petition alleged that the adjuster was "assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." *Id.* at *3. The petition also alleged that both the adjuster and the insurance company violated Tex. Ins. Code §§ 541.060 and 541.051 by making

10

misrepresentations about the insurance policy. *Id.* Finally, the petition alleged that the adjuster performed an outcome-oriented investigation that led to the underpayment of plaintiff's claim. *Id.* Applying the Texas "fair notice" standard, the court held that the plaintiff's petition—which included specific factual allegations against the adjuster and general legal allegations against all defendants—provided the court with a reasonable basis to predict that plaintiff could recover against the adjuster. *Id.* at *4.

      Here, Plaintiff's Original Petition contains specific factual allegations against Buettner that are identical to those in *Newton*. Plaintiff alleges that Buettner conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection. Plaintiff also alleges that Buettner performed an outcome-oriented investigation that led to a biased and unfair evaluation of Plaintiff's damages. Finally, Plaintiff alleges that both Buettner and Church Mutual violated Chapter 541 of the Texas Insurance Code by making misrepresentations about the insurance policy, failing to effectuate a prompt settlement when liability had become reasonably clear, and failing to provide a reasonable explanation for the denial of the claim.

      Plaintiff's petition states a cause of action against Buettner in plain and concise language and provides Defendants with fair notice of the claims alleged. *See* Tex. R. Civ. P. 45(b). The allegations do have a basis in law and fact: a reasonable person could believe that the facts and allegations, if true, would entitle the Plaintiff to relief under the Texas Insurance Code. *See* Tex. R. Civ. P. 91a.1. Accordingly, Plaintiff's Original Petition "provides the Court a reasonable basis to predict that [New Life] might be able to recover against [Buettner]." *Newton v. State Farm Lloyds*, No. 4:13-CV-00074, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013) (internal quotation marks omitted); *see also Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M,

2013 WL 5637539, at *3-4 (N.D. Tex. Oct. 14, 2013) (finding a reasonable possibility of recovery against an insurance adjuster based on virtually identical allegations).

Defendants also identify so-called "badges of improper joinder" that at least one court has considered in evaluating whether an insurance adjuster was improperly joined for the sole purpose of defeating diversity jurisdiction. *See Plascencia v. State Farm Lloyds*, NO. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *16-20 (N.D. Tex. Sept. 25, 2014). Specifically, Defendants argue that (1) Plaintiff's use of a standard form petition, (2) Plaintiff's failure to seek default judgment against an adjuster who has failed to respond to the complaint, and (3) the improbability that a successful claim against the adjuster would provide any financial gain to Plaintiff, all militate in favor of a finding of improper joinder.

However, the improper joinder test articulated by the Fifth Circuit focuses only on the question of whether a plaintiff can establish a cause of action against a non-diverse defendant in state court. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). That inquiry, which is similar to a Rule 12(b)(6)-type analysis, focuses on whether the allegations in the petition state a valid cause of action under Texas law. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Whether a standard form petition is used, whether a plaintiff has sought default judgment against a non-diverse defendant, and whether a plaintiff would be able to collect on a judgment against the insurance adjuster are simply not relevant to that inquiry.

First, although it is true that Plaintiff's Original Petition is largely identical to other petitions filed by Plaintiff's counsel, courts in the Fifth Circuit have found that the allegations in those petitions *do* provide the court a reasonable basis to predict that the plaintiffs might be able to recover against the adjuster for alleged Texas Insurance Code violations. *See Newton v. State Farm Lloyds*, No. 4:13-CV-00074, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013); *Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. McAllen Division, March 8, 2013);

12

*Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *3-4 (N.D. Tex. Oct. 14, 2013); *Wilson v. Safeco Ins. Co.*, No. 2:13-CV-00235-J (N.D. Tex. Amarillo Division, Jan 6, 2014).

Second, contrary to Defendants' arguments, the court in *Plascencia* did not say that the failure to seek default judgment against a non-diverse defendant who failed to respond to the complaint was a badge of improper joinder. Instead, the court stated that "the failure of the plaintiff to *cause service of process to be accomplished* on the defendant" is "[a]nother badge of improper joinder." *Plascencia v. State Farm Lloyds*, NO. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *18 (N.D. Tex. Sept. 25, 2014) (emphasis added); *see also DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb. 19, 2013) (finding improper joinder, in part, "because of lack of proper service"). But here, there was no failure to serve process on the adjuster—according to state court documents, Plaintiff served Steven Buettner on January 12, 2015. The fact that Plaintiff has not yet sought default judgment against Buettner is not a badge of improper joinder.

Finally, this Court rejects the idea that there is no reason to sue an individual defendant when there is a solvent corporate defendant fully capable of paying any judgment. The court in *Plascencia* found that there was no reason to join the adjuster other than to defeat diversity jurisdiction, because "[the insurance company] is solvent and would be able to respond to whatever judgment might be entered against it" and because "[t]here is no suggestion that a recovery by plaintiff against [the adjuster] would provide any financial gain to plaintiff." *Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *19. A court should not be in the business of penalizing a plaintiff who chooses to sue defendants that may not be able to pay one-hundred percent of a hypothetical judgment entered by the court. If a plaintiff's complaint states a valid

13

cause of action against individual defendants, the fact that the defendants are insolvent or have limited financial resources should not preclude their joinder.

Defendants have not shown that Plaintiff would be unable to establish a cause of action against Steven Buettner in state court for violations of the Texas Insurance Code. Joinder is proper because there is a reasonable basis to predict that Plaintiff might be able to recover against Buettner. Because Plaintiff New Life and Defendant Buettner are both citizens of Texas, there is no complete diversity and this Court lacks federal subject matter jurisdiction over this case. Accordingly, Plaintiff's *Motion to Remand* is granted and this case is hereby remanded to state court.

### C. ATTORNEYS' FEES

Defendants argue that if this Court grants Plaintiff's *Motion to Remand*, it should nevertheless decline to award attorneys' fees to Plaintiff because Defendants had "objectively reasonable grounds for believing that the removal was proper." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 546 (5th Cir. 2004). However, the Fifth Circuit reversed the award of attorneys' fees in *Hornbuckle* because there was extensive discovery and summary judgment evidence suggesting that the plaintiff had no valid claim against the adjuster. *See id.* at 543-44. By contrast, at this early stage of the litigation there is no summary judgment evidence suggesting that New Life has no valid claim against Buettner. Because our analysis is limited to the pleadings, the Court cannot say that Defendants had objectively reasonable grounds for believing that removal was proper. Accordingly, the Court grants Plaintiff's request for an award of attorneys' fees.

## CONCLUSION

Plaintiff's *Motion to Remand* is GRANTED.  It is therefore ORDERED that the above-styled and numbered cause is hereby REMANDED to the 223rd Judicial District Court of Gray County, Texas.

It is SO ORDERED.

Signed this the _____ day of May, 2015.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

15